**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10228 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00193-KJD-RJJ-1 |
| v. | |
| RICHARD W. CHARETTE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted March 12, 2012[**]
San Francisco, California

Before: WALLACE, D. W. NELSON, and BEA, Circuit Judges.

Richard W. Charette appeals from a 33-month term of imprisonment

imposed pursuant to his guilty plea to conspiracy under 18 U.S.C. § 371 to disclose

individually identifiable health information in violation of 42 U.S.C. § 1320d-6.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review factual findings with respect to calculation of the victims' monetary loss for clear error, *United States v. Lawrence*, 189 F.3d 838, 844 (9th Cir. 1999), and the reasonableness of the sentence for an abuse of discretion, *United States v. Vasquez-Landaver*, 527 F.3d 798, 805 (9th Cir. 2008). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not clearly err in calculating $121,812 of "actual loss" under United States Sentencing Guidelines § 2B1.1. The hospital's expenditures to provide credit report service contracts to the people whose information was potentially disclosed by Charette's crime was a "reasonably foreseeable pecuniary harm that resulted from the offense." U.S.S.G. § 2B1.1 cmt. n. 3(A)(i); *see also United States v. Pham*, 545 F.3d 712, 721 (9th Cir. 2008) (victims' expenses to mitigate effects of a crime may constitute actual loss).

The district court did not abuse its discretion in sentencing Charette to 33 months in prison, which was at the lowest point of the applicable Guidelines range. Charette was not similarly situated to his co-conspirator because Charette was a leader of the criminal activity and did not cooperate with the government. *See United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009). Charette also does not point to any unusual circumstances that would have required the district court to impose a below-Guidelines sentence. *See id.* at 1120.

**AFFIRMED.**